IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHANNON C. DIEHL-GUERRERO, | § § § | No. 142, 2017 |
| Plaintiff Below, Appellant, | § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § | C.A. No. N16C-08-041 |
| WELLS FARGO HOME MORTGAGE, INC., | § § § | |
| Defendant Below, Appellee. | § § § | |

Submitted: March 31, 2017
Decided: April 13, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 13th day of April 2017, having considered the notice of appeal from an interlocutory order under Supreme Court Rule 42, it appears to the Court that:

(1)     On August 3, 2016, the plaintiff below-appellant, Shannon C. Diehl-Guerrero, filed a complaint against the defendant below-appellee, Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), and defendants Hardy Boys Construction, LLC, Reliable Home Inspection Services, and RHIS, Inc. Diehl-Guerrero alleged Wells Fargo breached its duty to conduct due diligence of the consultant he hired for his loan under the U.S. Department of Housing and Urban Development's

Section 203(k) loan program. The Superior Court granted Wells Fargo's motion to dismiss under Superior Court Civil Rule 12(b)(6).[1]

(2)     On March 9, 2017, Diehl-Guerrero filed an application for certification of an interlocutory appeal. Wells Fargo opposed the application. By order dated March 27, 2017, the Superior Court denied the application.[2] The Superior Court found that Diehl-Guerrero's application failed to address the Supreme Court Rule 42(b)(iii) factors. After independent consideration of the Rule 42(b)(iii) factors, the Superior Court concluded that most of the factors were not applicable and did not weigh in favor of granting the application for certification. This interlocutory appeal followed.

(3)     We refuse this interlocutory appeal on two grounds. First, the notice of interlocutory appeal fails to comply with Rule 42. Under Rule 42(d)(ii), a notice of interlocutory appeal shall comply with Rule 42, Rule 6, Rule 7, and Form M. Under Rule 42(d)(iv), the notice of interlocutory appeal shall include the application for certification, the interlocutory order on review, the response, if any, to the application, and, if the trial court has taken action on the application, the order certifying or refusing to certify the interlocutory order. "Unless otherwise

---

[1] *Diehl-Guerrero v. Hardy Boys Constr., LLC*, 2017 WL 886786 (Del. Super. Ct. Mar. 1, 2017).
[2] *Diehl-Guerrero v. Hardy Boys Constr., LLC*, 2017 WL 1162947 (Del. Super. Ct. Mar. 27, 2017).

ordered, this Court shall thereupon and without further argument determine in its discretion whether to accept or refuse the interlocutory appeal."[3]

(4) Contrary to these requirements, Diehl-Guerrero's notice of interlocutory appeal includes four pages of arguments relating to the Superior Court's dismissal of the complaint against Wells Fargo. The notice also fails to include Wells Fargo's response to Diehl-Guerrero's application for certification in the Superior Court. Second, the Court agrees with the Superior Court's denial of Diehl-Guerrero's application for certification. The application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[3] Supr. Ct. R. 42(d)(v).

3